Ambar WIBOWO, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 06–72334.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 15, 2011.*

Filed March 8, 2011.

Alisa Kaufman, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Mary Jane Candaux, Esq., Thomas Fatouros, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

MEMORANDUM **

Ambar Wibowo, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Wakkary v.*

*Holder,* 558 F.3d 1049, 1056 (9th Cir.2009), and we deny the petition for review.

Even if Wibowo timely filed his asylum application, substantial evidence supports the agency's conclusion that Wibowo did not establish that he was or would be persecuted on account of an actual or imputed political opinion. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *see also Sangha v. INS,* 103 F.3d 1482, 1489–91 (9th Cir.1997). Accordingly, Wibowo's asylum and withholding of removal claims fail. *See Ochoa v. Gonzales,* 406 F.3d 1166, 1172 (9th Cir.2005).

Finally, substantial evidence supports the agency's denial of CAT relief because Wibowo failed to establish it is more likely than not that he would be tortured if returned to Indonesia. *See Wakkary,* 558 F.3d at 1068.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

